# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:18-CR-00243-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLIFTON LAMAR DODD (01)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court are a Motion in Limine and Motion to Continue [docs. 118, 121] filed by defendant Clifton Lamar Dodd in relation to the criminal trial currently set for July 12, 2021. The government opposes the Motion in Limine. Doc. 122.

As to the Motion in Limine, defendant seeks to exclude an inculpatory report authored by a defense expert who was retained by previous defense counsel. At a status conference former counsel revealed that he inadvertently sent a copy of that report to the government. In the interest of fairness, and of guarding against any reversal of proceedings for ineffective assistance of counsel under 28 U.S.C. § 2255, the court will grant this motion.

As to the Motion to Continue, defendant references the court's cancellation of his writ of habeas corpus ad testificandum for a defense witness, Steven Stewart, who is currently a prisoner in the custody of the Michigan Department of Corrections. The court cancelled the writ after learning that the United States Marshals Service would require at least twelve weeks' notice to transport Stewart and that Stewart is considered a security

1

risk. Instead, it has arranged for Stewart to testify via live, two-way video teleconferencing. The defendant maintains that his right to compulsory process under the Sixth Amendment is violated by not having Stewart present in the courtroom.

The court has "inherent power" under Federal Rules of Criminal Procedure 2 and 57(b) "to structure a criminal trial in a just manner." *United States v. Gigante*, 166 F.3d 75, 80 (2d Cir. 1999). There is scant case law on the issue as framed by defense counsel. But courts have held in the context of the Sixth Amendment's Confrontation Clause that the right to live testimony is not absolute and that two-way videoconferencing may stand in for live testimony in exceptional circumstances. *See id.*, *see also United States v. Akhavan*, __ F.Supp.3d __ (S.D.N.Y. 2021). More concrete showings were made as to the witnesses' unavailability in both of those cases, by reason of disease or vulnerability to disease. In this matter, however, the court considers the security risks involved, the fact that the case has been continued numerous times, and the fact that two prior defense counsel have been conflicted out by the defendant. Each continuance leads to discovery of another reason for delay, and there is no reason that Mr. Stewart's testimony cannot be heard in a manner that will allow the defendant's case to finally draw to a close.

Accordingly, for the reasons stated above, **IT IS ORDERED** that the Motion in Limine [doc. 118] be **GRANTED** and that the Motion to Continue [doc. 121] be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 2nd day of July, 2021.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**