UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:18-CR-00243-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLIFTON LAMAR DODD (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the court are a Motion for New Trial and Motion for Judgment of Acquittal [doc. 157] filed by defendant Clifton Lamar Dodd under Federal Rules of Criminal Procedure 29 and 33. The government opposes both motions. Doc. 163.

### I.
### BACKGROUND

Dodd, who was already serving a sentence in the custody of the Bureau of Prisons, was indicted in this district on September 13, 2018, on four counts of false information/hoaxes, a violation of 18 U.S.C. § 1036(a)(1)(A). Doc. 1. The charges stemmed from allegations that, while incarcerated at the Federal Correctional Institution in Oakdale, Louisiana ("FCIO"), Dodd had mailed four letters containing a white powder to the United States Senate. Dodd pleaded not guilty to the charges and trial was set for April 22, 2019. Over the next two years, however, the trial was continued multiple times[1] and defense counsel withdrew two times. The final continuance was sought by the defense to

---

[1] Two of these continuances, of trial dates in October 2020 and March 2021, were due to the court's inability to conduct jury trials under district-wide orders implemented because of the COVID-19 pandemic. Others were at the request of the defense. *See* docs. 21, 29, 70, 95.

investigate the account of Steven Stewart, a former inmate at FCIO who had since been transferred to the custody of the Michigan Department of Corrections. *See* doc. 95. When the defense sought a writ of habeas corpus ad testificandum for Stewart, however, the court discovered that the United States Marshals Service's usual transport time for an out-of-state inmate was delayed due to the COVID-19 pandemic and that transport of that inmate was not desirable due to pandemic and security risks. Rather than continuing the trial yet again, and over the defense's objections, the court ordered that Stewart would only be allowed to testify by video teleconferencing. Doc. 120.

Trial proceeded as scheduled on July 12, 2021. Over the defense's objections the court permitted prior bad acts evidence, in the form of writings Dodd had been convicted of sending along with white powder to other government buildings. *See* docs. 125, 135 (foreseeable issues briefing). At the conclusion of the government's case and then at the end of trial, the defense made Rule 29 motions for acquittal. Docs. 143, 144. The court denied same. Doc. 145. The jury then convicted Dodd on all four counts. Doc. 152.

Dodd now moves for an acquittal under Federal Rule of Criminal Procedure 29 or a new trial under Federal Rule of Criminal Procedure 33. He argues that the cumulative evidence failed to establish his guilt beyond a reasonable doubt, and that alleged errors in the form of denying Stewart's in-person testimony and permitting the use of other crimes evidence resulted in a miscarriage of justice. Doc. 157. The government opposes the motion, maintaining that there is no basis for setting aside the jury's verdict. Doc. 163.

## II.
## LAW & APPLICATION

### A. Rule 29 and Rule 33 Standards

Federal Rule of Criminal Procedure 29 allows a defendant to move for judgment of acquittal. The only basis for such a motion is the sufficiency of the government's evidence. *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007). The court reviews the evidence in a light most favorable to the verdict and determines "whether . . . a rational jury could have found the essential elements of the offense charged beyond a reasonable doubt." *United States v. Boyd*, 773 F.3d 637, 644 (5th Cir. 2014). The jury may choose between reasonable constructions of the evidence and retains sole authority to weigh conflicting evidence and evaluate the credibility of witnesses. *United States v. Loe,* 262 F.3d 427, 432 (5th Cir. 2001). Accordingly, a reviewing court remains highly deferential to the jury's verdict. *United States v. McNealy*, 625 F.3d 858, 870 (5th Cir. 2010).

Rule 33, on the other hand, allows the court to grant a motion for new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. "[T]he generally accepted standard is that a new trial ordinarily should not be granted unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011). This authority should only be exercised in exceptional circumstances. *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005). "[H]armless error, which is defined as 'any error, defect, irregularity or variance which does not affect substantial rights,' Fed. R. Crim. P. 52(a), does not warrant a new trial."

*United States v. Asencio*, 2018 WL 3715729, at *1 (N.D. Miss. Aug. 3, 2018) (citing *United States v. Akpan*, 407 F.3d 360, 369-70 (5th Cir. 2005)).

### B. Application

Dodd challenges the sufficiency of the evidence, noting that the only handwriting expert to testify in this matter stated that he could not conclude that Dodd had authored the letters in question. The expert, however, noted many similarities between the samples. The jury was also able to review the samples and draw its own conclusions. Additionally, the only fingerprint recovered from the letters was also linked to Dodd. Without even accounting for the Rule 404(b) evidence, the court finds no basis for upsetting the verdict under the standards of Rule 29 or Rule 33.

As for the alleged miscarriages of justice, the court finds no error justifying relief. Dodd fails to show that the denial of Stewart's in-person testimony violated his substantial rights; the Confrontation Clause applies only to witnesses against the accused. *E.g.*, *Crawford v. Washington*, 541 U.S. 36, 68 (2004). A defendant's right to compulsory process, though fundamental, is not absolute "and must be weighed against countervailing public interests." *United States v. Levy–Cordero*, 67 F.3d 1002, 1012–13 (1st Cir. 1995). Additionally, the defendant can only establish a violation of this right if he shows that the testimony was material and favorable to his defense. *United States v. Soape*, 169 F.3d 257, 268 (5th Cir. 2009). Dodd made no showing of materiality before the writ was cancelled beyond a vague claim that Stewart could pin the scheme on another inmate. Given the above-referenced risks associated with the pandemic and transporting an inmate witness from out of state, the court properly exercised its discretion to cancel the writ and restrict

Stewart's participation to video-teleconference. At trial Stewart's testimony proved of minimal value, and was based primarily on information he had received from Dodd rather than on any firsthand knowledge of other inmates' involvement. Dodd cannot show that the lack of Stewart's live appearance violated his fundamental rights or resulted in any harm to his case.

On the admission of Dodd's prior bad acts, the court remained mindful of the prior convictions' potential to serve as propensity evidence. The evidence was nevertheless admissible under Federal Rule of Evidence 404(b)(2) given the many similarities between Dodd's prior writings and the instant charges. Accordingly, the court limited the government's use of the evidence to showing identity, plan, preparation, and intent. It also issued a limiting instruction to the jury warning against improper uses of the evidence in their deliberations. There is no error in the handling of this evidence, and the defense fails to show exceptional circumstances justifying a new trial.

### III.
### CONCLUSION

For the reasons stated above, the Motion for Acquittal and Motion for a New Trial [doc. 157] are **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 8th day of November, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**